**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FELICIA Y. WITHERUP, Individually and
HENNE C. WITHERUP, Individually,

Plaintiffs,

vs. Case No: 3:14-cv-1303-J-32MCR

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign profit corporation,

Defendant.

---

**ORDER**

This case is before the Court on Plaintiffs' Motion to Remand (Doc. 6) and Defendant's Response (Doc. 8). Plaintiffs contend this case should be remanded because Defendant has not established that the amount in controversy meets the requirements for federal diversity jurisdiction.

## I. BACKGROUND

Plaintiffs Felicia Y. Witherup and Henne C. Witherup filed a complaint against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") on September 10, 2014, in the Circuit Court of the Fourth Judicial Circuit for Duval County, Florida. (Doc. 2). State Farm was served with the Complaint on September 24, 2014. (Doc. 1). According to the complaint, State Farm issued a policy of insurance which provided stacked uninsured motorist ("UM") coverage to Plaintiffs. (Doc. 2 at ¶ 9). On January 30, 2014, Plaintiffs were involved in a motor vehicle collision with an uninsured motorist, sustaining injuries which required medical treatment. (Doc. 2 at ¶¶ 5-6).

Plaintiffs allege that the subject policy was in full force on the date of the collision. (Doc. 2 at ¶ 12). However, State Farm denied UM coverage to Plaintiffs, asserting that the Mercedes involved in the collision replaced a Chrysler for which Plaintiffs had rejected UM coverage. (Doc. 2-2). Plaintiffs state that they did not sign a written rejection of UM coverage for the Mercedes, and that the Mercedes was not a replacement vehicle for the Chrysler. (Doc. 2 at ¶¶ 16-17). The Complaint requests that the Court declare Plaintiffs' rights to UM coverage under the policy. (Doc. 2 at 1, 3). State Farm filed a Notice of Removal on October 24, 2014 (Doc. 1), and an Answer (Doc.3). Plaintiffs thereafter filed their Motion to Remand (Doc. 6), to which State Farm responded. (Doc. 8).

## II. ANALYSIS

Because the parties do not dispute that they are citizens of different states, the only relevant issue is whether the amount in controversy exceeds $75,000. As the party seeking removal, State Farm bears the burden of establishing jurisdiction. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007). However, where the plaintiffs have not pled a specific amount of damages, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 547 (2014). When a defendant's assertion of the amount in controversy is challenged, both sides submit proof and the Court decides, by a preponderance of the evidence, whether the defendant has satisfied the amount in controversy requirement. Id. at 554. Because removal raises significant federalism concerns, "[t]he removal statute should be construed narrowly with doubt construed against removal." Diaz v.

Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (quoting Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)).

State Farm removed this action pursuant to 28 U.S.C. § 1446(b)(1), which allows a defendant to file a notice of removal within 30 days of the initial pleading. In assessing the propriety of removal under § 1446(b)(1), the Court should first look to the Complaint. Leon v. First Liberty Ins. Corp., 903 F. Supp. 2d 1319, 1321 (M.D. Fla. 2012) (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)). If the amount in controversy is indeterminate based on the Complaint then the Court may look to the Notice of Removal, along with other relevant evidence such as affidavits or declarations. Id. "If the jurisdictional amount is not clear from the face of or readily deducible from the removing documents, the Court must remand the matter." Evans v. Zurich Am. Ins. Co., No. 3:12-cv489/MCR/EMT, 2012 WL 6061061, at *1 (N.D. Fla. Dec. 5, 2012).

In asserting that the amount in controversy has been met (Doc. 1 at ¶ 6),[1] State Farm notes that the insurance policy provides up to $300,000 of UM coverage. However, this does not settle the issue. While there is no Eleventh Circuit authority on this precise issue, a number of district courts within the Eleventh Circuit have held that "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." Kelly v. Gen. Star Nat'l Indem. Co., No. 8:07-CV-1143-JDW-TGW, 2007 WL 3034654, *2 (M.D. Fla. Oct. 16, 2007); see also Warth v. State Farm Fire & Cas. Co., 792 F. Supp. 101, 103 (M.D. Fla. 1992) (noting that where plaintiffs did not plead or represent the damages they sought, the face amount of the policy does not

[1] Plaintiffs' Complaint does not allege that the extent of their injuries exceed $75,000, nor does State Farm rely on Plaintiffs' allegation of damages from the accident as a basis to meet the jurisdictional amount.

control on the issue of the threshold jurisdictional amount); Martins v. Empire Indem. Ins. Co., 08-60004-CIV, 2008 WL 783762, at 2 (S.D. Fla. Mar. 21, 2008) (when the sole evidence provided by a defendant seeking removal is the policy limits of the insurance policy, the burden of establishing the amount in controversy is not satisfied); Emp'rs. Mut. Cas. Co. v. Parker Towing Co., No. 07-0684-WS-B, 2007 WL 4577705, *2 (S.D. Ala. Dec. 27, 2007) (noting that a high policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit). Yet, these cases all hinge upon the amount of plaintiffs' personal injury damages under concededly in-force policies. None of these cases involve the validity of an insurance policy or whether coverage exists at all.

State Farm cites Evanston Ins. Co. v. Sun West Acquisition Corp., No. 8:13-cv-2893-T-33TGW, 2014 WL 988764, *8 (M.D. Fla. Mar. 13, 2014) to say that in a declaratory judgment action, policy limits are determinative of the amount in controversy. Evanston was a declaratory action seeking rescission of an insurance contract. Id. The court held that where the validity of an entire insurance policy is at stake, the jurisdictional amount in controversy is the face value of the policy. However, policy limits do not automatically set the amount in controversy in a declaratory action. Rather, the amount in controversy is measured by the value of the object of the litigation. Valdez v. Metro. Prop. & Cas. Ins. Co., 867 F. Supp. 2d 1143, 1163 (D.N.M. 2012) (citing Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1997)). And, the value of the object of litigation in a declaratory action between an insurer and the insured may be less than the face value of the insurance policy. For example, in McPhillips v. Nationwide Life Ins. Co., 2011 WL 5007832, *2 (M.D. Ala. Oct. 20, 2011), the court held

that where a plaintiff requested declaratory relief that he not be required to pay additional premiums to keep his life insurance policy in force, the amount in controversy was the value of the disputed premiums.

In Freeland v. Liberty Mut. Ins. Co., 632 F.3d 250, 254 (6th Cir. 2011), the Sixth Circuit provided guidance on how to determine the amount in controversy in a declaratory action involving UM coverage. In Freeland, plaintiffs sought a declaratory judgment establishing that their insurance policy provided $100,000 in UM coverage per accident instead of the $25,000 per accident stated on the policy's face. Id. at 252. The court held that where the defendant insurance company did not contest $25,000 of coverage, the amount in controversy was $75,000, the difference between the monetary consequences that would result from a victory for the plaintiffs ($100,000) and the monetary consequences that would result from a victory for the defendants ($25,000). Id. at 253.

State Farm argues that the object of the litigation is whether there is an enforceable UM policy with coverage limits of $300,000.[2] Plaintiffs contend that neither the existence nor the validity of the insurance policy as a whole is at stake.[3] Rather, Plaintiffs argue, the issue is whether the UM rejection signed by the Plaintiffs for the

---

2 The Complaint just seeks a declaration of whether $300,000 of UM coverage exists; it does not ask the Court to determine the actual amount of Plaintiffs' personal injury damages.

3 Plaintiffs attached to their Complaint a policy disclosure supplied by State Farm showing the contents of their insurance policy. (Doc. 2-1). The disclosure, signed by a State Farm claims representative, shows that Plaintiffs' Mercedes is insured by State Farm. State Farm does not contest the authenticity of this document, and it admitted in its answer that it issued this insurance policy to Plaintiffs. (Doc. 3 at ¶¶ 9, 12).

Chrysler Aspen (Doc. 2-1) extends to the Mercedes.[4] But that effectively does put the entire $300,000 value of the policy at stake. The object of the litigation is to determine whether UM coverage is in force. Plaintiffs claim it is and they are entitled to $300,000 in UM coverage. (Doc. 2). State Farm argues that Plaintiffs' UM rejection extends to the Mercedes, so they are not entitled to any UM coverage whatsoever. (Doc. 2-2). If Plaintiffs were to prevail, they would have $300,000 in UM coverage (regardless of whether their personal injury damages actually reach that amount). If State Farm was to prevail, Plaintiffs would not be entitled to any UM coverage. The amount in controversy is therefore $300,000.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Remand (Doc. 6) is **DENIED**.

---

[4] Plaintiffs cite Section 627.727(1), Florida Statutes, in support of their argument that their insurance policy provides UM coverage. (Doc. 2 at ¶ 15). Section 627.727(1) states, in relevant part:

> "No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless uninsured motor coverage is provided therein or supplemental thereto . . . . However, the coverage required under this section is not applicable when, or to the extent that, an insured named in the policy makes a written rejection of the coverage . . . ."

Thus, the crux of Plaintiffs' argument is that because they did not sign a written rejection of UM coverage for the Mercedes, such coverage must be provided by State Farm (Doc. 2 at ¶ 16). State Farm, for its part, argues that the Mercedes involved in the motor vehicle collision was a replacement vehicle for a Chrysler Aspen for which there was a UM rejection. (Doc. 2-2). As such, State Farm says, there was no UM coverage for the Mercedes.

**DONE AND ORDERED** in Jacksonville, Florida the 2nd day of February, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

eh
Copies:

counsel of record