**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FELICIA Y. WITHERUP,
HENNE C. WITHERUP,

      Plaintiffs,

vs.                                                 Case No. 3:14-cv-1303-J-32MCR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____

**ORDER**

This case is before the Court on defendant State Farm Mutual Automobile Insurance Company's motion for summary judgment (Doc. 39). The plaintiffs, Felicia Y. Witherup and Henne C. Witherup, responded in opposition (Doc. 41). The Court can only enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Upon review, the Court finds there is a genuine dispute of material fact precluding entry of summary judgment. The Witherups have produced evidence that the 2007 Mercedes (the vehicle involved in the January 30, 2014 accident for which they seek uninsured motorist coverage under their State Farm policy) was a new vehicle and not a replacement for their 2008 Chrysler Aspen (which they kept and State Farm again insured). Thus, there is a genuine dispute of material fact as to whether the April 1, 2009 uninsured motorist coverage rejection form for the 2008 Chrysler Aspen is effective as to the 2007

Mercedes, which is the basis upon which State Farm moves for summary judgment.[1] See Arnold v. Wausau Underwriters Ins. Co., No. 13-60299-CIV, 2014 WL 710104, at *5-6 (S.D. Fla. Feb. 25, 2014) (denying cross-motions for summary judgment where there was an issue of fact as to whether a knowing rejection of uninsured motorist coverage occurred under Florida law where form was initialed, but not signed or dated, and premiums were not refunded until after litigation); Adams v. Aetna Cas. & Surety Co., 574 So. 2d 1142, 1144-54 (Fla. 1st DCA 1991) (reversing directed verdict and remanding for new trial where question of whether insured waived right to UM coverage was for jury to decide).  This is not to say that the Witherups will prevail at trial, only that they have created a genuine dispute of material fact precluding the Court from finding as a matter of law that they rejected uninsured motorist coverage for the 2007 Mercedes.

Accordingly, it is hereby

**ORDERED**:

1.    Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (Doc. 39) is **denied**.

---

[1] While the Witherups also dispute the authenticity of this and a later UM rejection form, their complaint alleges that they did execute a UM rejection form for the vehicle State Farm thought the Mercedes replaced. See Doc. 2 at ¶ 17. See also, Bessman v. Travelers Prop. Cas. Co. of Am., 773 F. Supp. 2d 1270, (N.D. Fla. 2011) (rejecting plaintiffs' vague suggestion of fraud in insurer's creation of UM rejection form, noting plaintiffs' failure to allege fraud in their complaint, "much less with the requisite particularity" required by Federal Rule of Civil Procedure 9(b)).  Because the Court is denying summary judgment on other grounds, it need not decide whether the Witherups have suggested fraud and if so, whether that evidence is alone sufficient to cast doubt on the validity of the UM rejection forms.

2.	The parties shall continue to be governed by the January 26, 2015 Case Management and Scheduling Order (Doc. 12) except that because of a trial calendar conflict, the **Final Pretrial Conference** (previously scheduled for February 24, 2016) is now **reset** for **Monday, February 29, 2016 at 10:00 a.m.** (in Courtroom 10D as previously set). The parties may also have until **February 23, 2016** to file their Joint Pretrial Statement and any motions in limine.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of February, 2016.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record